# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LISA J. HALE., | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| vs. | ) Case 11-CV-00591-W- FJG |
| | ) |
| THOMAS J. VILSACK, SECRETARY OF | ) |
| THE UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE, | ) |
| | ) |
|           Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion for Summary Judgment (Doc. # 29).

### I. BACKGROUND

Plaintiff Lisa Hale is an employee of the USDA in the Office of Chief Information Officer in Kansas City, Missouri. Plaintiff has served as an Information Technology (IT) Specialist with the Department since March 1999. In March 2008, plaintiff applied for the position of IT Specialist GS-2210-13. A human resources panel reviewed the applications and resumes that were submitted. The panel certified Plaintiff and two other applicants as the best qualified applicants for the position in Kansas City. Plaintiff's resume shows that she has a bachelor of science degree that was awarded in 1996 and a Master's degree from Webster University in Telecommunications Management that she earned in 1999. Plaintiff's resume indicates that she has expertise in network troubleshooting, fault monitoring, analyzing, evaluating and resolving technical issues. The resume of Dianne Hord, (who was selected for the

position), shows that she has a high school diploma, but that she had several years of experience working for the USDA. She became an IT Specialist GS-12 in 1984, fifteen years before plaintiff attained this rank. Additionally, Ms. Hord designed and developed an inventory database that was used nationwide in the USDA. She also designed and developed an confirmation in FTS billing website and created a VPN Circuit Outage website. After the candidates had been certified, Carol Henson, the Division Director, who served as the selecting official, appointed a review committee of two individuals, Ande Mascarenas and Patrice Bryant. The review committee interviewed the candidates and then forwarded their recommendations to Director Henson. Ms. Mascarenas and Ms. Bryant developed the questions for the interview process. The questions focused on leadership and teamwork, rather than technical skills, because each of the applicants had already been identified as qualified for the position based on a review of their resumes and their knowledge, skills and abilities. Each candidate was asked the same questions. The interviewers agreed that Dianne Hord was the best candidate for the position and both agreed that Ms. Hord responded more appropriately to two particular questions: "1. How do you communicate with co-workers with whom you have personal problems ? and "Recall an incident where you made a major mistake. What did you do after the mistake was made? What did you learn from it ?" Director Henson knew both candidates. She considered the plaintiff to be a good employee. However, she believed that Ms. Hord was one of the Division's best employees because of her accomplishments in designing and developing networks and websites used by agencies throughout the USDA. Ms. Hord was offered the position on May 20, 2008, with a starting date of June 8, 2008.

After learning of her non-selection, plaintiff contacted an EEO counselor and submitted an informal complaint of discrimination. Plaintiff alleges that she did this on June 25, 2008, although the agency has no record of the informal complaint. Plaintiff presented a letter to the USDA on August 7, 2008, which stated that she was filing a formal complaint of discrimination alleging non-selection based on race. The USDA accepted and referred for investigation plaintiff's discrimination complaint. A final agency decision denying plaintiff's complaint of discrimination was issued by the USDA on May 21, 2009. The Office of Federal Operations of the EEOC denied plaintiff's appeal of the final agency decision on April 7, 2011.

On July 21, 2008, Robert Marks became plaintiff's supervisor. Mr. Marks replaced a supervisor who had retired several months earlier. At the request of Director Henson, Mr. Marks undertook to prepare the evaluations for the employees he supervised even though he had only been there a few months. On November 10, 2008, plaintiff was presented with her evaluation which rated her as Superior in Communication and Customer Service and as giving a "Solid Performance" in the categories of Initiative, Managing Change and Teamwork/EEO/Diversity. Plaintiff's overall core competency rating was "Solid Performance." Mr. Marks had no knowledge of plaintiff's EEO complaint at the time he prepared plaintiff's evaluation. He learned of her EEO activity after all of the appraisals were written and in the process of being approved. Of the twenty-one employees who were evaluated by Mr. Marks, sixteen were given solid performance ratings, one was rated as outstanding, and four were given a superior rating. Twelve of the employees under Marks' supervision were presented with a lower performance rating than they had received in the previous year

under the former supervisor. Plaintiff requested EEO counseling and then filed a formal EEO complaint on February 10, 2009. The only claim that plaintiff raised was her "solid performance" evaluation. The USDA issued its final agency decision denying plaintiff's claim of retaliation. Plaintiff appealed to the EEOC, Office of Federal Operations which issued a decision on December 14, 2010. Plaintiff sought a reconsideration, but her claim was again denied by the EEOC on March 17, 2011.

## II.  STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653,

655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

### III. DISCUSSION

#### A. Count I - Race Discrimination

In a hiring context, the Eighth Circuit has stated that an applicant must show: "(1) she is in a protected class; (2) she was qualified for an open position; (3) she was denied that position; and (4) the [employer] filled the position with a person not in the same protected class." Torgerson v. City of Rochester, 643 F.3d 1031, 1046 (8th Cir.) cert. denied, 132 S.Ct. 513 (2011)(quoting Dixon v. Pulaski County Special School Dist., 578 F.3d 862, 867-68 (8th Cir.2009)). The Court stated that once the plaintiff establishes a prima facie case, the burden of production shifts to the employer to "articulate a legitimate, non-discriminatory reason for not hiring her." Id. at 868. "[T]he ultimate burden falls on [plaintiff] to produce evidence sufficient to create a genuine issue of material fact regarding whether [the employer's] proffered nondiscriminatory justifications are mere pretext for intentional discrimination." Pope v. ESA Servs., Inc., 406 F.3d 1001, 1007 (8th Cir.2005).

In the instant case, the USDA states that for the purposes of the summary judgment motion, the Court can assume that plaintiff has stated a prima facie case. The USDA states that the reason that plaintiff was not selected for the position, was because the two supervisors who interviewed the candidates, Patrice Bryant and Ande Mascarenas, both deemed Ms. Hord to be the better candidate. Both women stated that they thought Ms. Hord provided better answers than the plaintiff did, to two particular questions. Thus, the USDA has articulated a legitimate, nondiscriminatory

5

reason for not selecting plaintiff for the position. In an effort to show that this reason was not the true reason for her nonselection, plaintiff states that the answers which Bryant and Mascarenas are attributing to her, are not the answers that she provided in the interview. In support of this, plaintiff cites to ¶ 6 her affidavit that she filed as an exhibit to her Suggestions in Opposition to the Summary Judgment motion. Plaintiff states in her Affidavit:

> I saw Bryant take notes, but they did not appear to be extensive, nor particularly in depth. Subsequent to my interview, I have learned that Bryant has represented that, among other things, that I would deal with a coworker that I had personal problems with, by sending them an email. This is not the answer I gave, nor would I give this answer. I learned while earning my Master's Degree the appropriate was to deal with problem coworkers both in a managerial sitting, coworker sitting, and superior sitting. Similarly, both Mascarenas and Bryant attributed statements to me that I did not make.

(Plaintiff's Exhibit 2, ¶ 6). However, in her deposition, which was taken three months before she filed her affidavit, plaintiff stated in response:

Q. Any other questions you recall now?

A. I think there was one about how do you handle a confrontational coworker or something like that or – I can't say exactly what it was. And I told her the same way I handle them today, you know, I just tell them, oh, you're having a bad day so – you know, I just came over because I need such and such, but I'll send you an email, and go back to my desk.

(Plaintiff's Deposition, p. 32).

Defendant argues that plaintiff is attempting to create a sham issue of material fact by raising this issue in her subsequently filed affidavit that conflicts with her earlier deposition testimony. Before making a determination on this issue, the Court would like plaintiff to file a supplemental affidavit, further explaining the answer that she gave during the interview with Bryant and Mascarenas and how this answer differed from her

6

response to the deposition question noted above. Additionally, the Court would like plaintiff to explain if there are other statements which Mascarenas and Bryant attributed to her which she did not make. Plaintiff shall file her supplemental affidavit with the Court on or before **December 28, 2012.**

### B. Count III - Retaliation

In order to establish a prima facie case of retaliation, plaintiff must show: "(1) she engaged in a protected activity; (2) a reasonable person would have perceived the alleged retaliatory action [as] materially adverse; and (3) this adverse action was causally linked to her protected conduct." Sutherland v. Missouri Dept. of Corrections, 580 F.3d 748, 752 (8th Cir. 2009).

Defendant argues that plaintiff cannot establish a prima facie case because she cannot show that her solid performance rating given to her by her supervisor, Mr. Marks, was a materially adverse action. Defendant states that this rating was not a criticism of plaintiff's work and neither her pay nor benefits were reduced as a result. Defendant also argues that plaintiff cannot demonstrate a causal link between the rating and her protected activity because neither her supervisor, Robert Marks nor Carol Henson, knew of plaintiff's EEO activity. In opposition, plaintiff argues only that the Agency had knowledge of her EEO complaint by the first week in July, well before the evaluations were completed. She also argues that Mr. Marks' testimony is not worthy of belief, because he signed the evaluations on a different date than when they were actually conducted. Plaintiff does not dispute that a solid performance rating is not a materially adverse action. Nor does she argue that she suffered any other materially

7

adverse action as a result of filing her EEO complaint[1].

In Sutherland, the plaintiff alleged that the re-classification of her performance from "highly successful" to "successful" three months after her she engaged in protected conduct was a materially adverse action. The Court however disagreed, stating that plaintiff had no reductions in pay, salary, benefits or prestige and "[a] lower satisfactory evaluation, by itself, does not provide a material alternation of Sutherland's employment and is not actionable." Id. at 752, citing Clegg v. Arkansas Dep't of Corr., 496 F.3d 922, 927 (8th Cir. 2007). See also Holley v. North Carolina Dept. of Administration, 846 F.Supp.2d 416, 444 (E.D.N.C. 2012)(performance ratings that varied between good, very good and outstanding and an overall rating that remained at very good was found not to constitute a materially adverse action). In Littleton v. Pilot Travel Ctrs., LLC, 568 F.3d 641, 644 (8th Cir.2009), the Court stated, "[we] have consistently held that, to be materially adverse, retaliation cannot be trivial; it must produce some injury or harm." Thus, the Court finds that plaintiff has failed to show that she suffered any materially adverse action.

Additionally, plaintiff has not established a causal link between her EEO activity and the evaluation. To prove that Henson and Marks knew of her EEO Complaint, plaintiff cites only to regulations about what usually occurs when an EEO complaint is

---

[1] Plaintiff had initially argued in her Complaint that the USDA had also retaliated against her by withdrawing her application from the USA Jobs website in 2010 and 2011. However, defendant argues that this claim was barred because plaintiff did not exhaust her administrative remedies regarding this claim. Plaintiff failed to respond to the USDA's argument in her Suggestions in Opposition. Accordingly, the Court finds that plaintiff has conceded this point and finds that defendant is entitled to summary judgment on this claim as well.

8

filed. She states that "lacking any proof to the contrary, the Agency had notice of Hale's EEO complaint in the first week of July, well before the supervisor completed the evaluation of Hale even presuming the evaluation was completed on September 30, 2008." Plaintiff states that "[d]efendant has not/cannot prove that the evaluating supervisor did not have knowledge of the Plaintiff's protected activity." (Plaintiff's Suggestions in Opposition, p. 9). However, plaintiff is mistaken as to the burden of proof. As the Court stated in Sullivan-Robinson v. Arkansas Parole Board, No. 4:11CV00140SWW, 2012 WL 5354797, *9 (E.D.Ark. Oct. 29, 2012), "[i]n proving a causal connection at the *prima facie* case phase of a retaliation claim, 'the plaintiff must show that the protected conduct was a determinative - not merely motivating - factor in the employer's adverse employment decision. If the plaintiff succeeds, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the action. If the defendant does so, the plaintiff can still prevail on a final step of the McDonnell Douglas analysis by proving, by a preponderance of the evidence, that the reasons proffered by the employer are merely pretext for discrimination.'" Id. (quoting Tyler v. Univ. of Arkansas Bd. of Trustees, 628 F.3d 980, 985-86 (8th Cir.2010)(internal quotations and citations omitted)). Thus, it is the *plaintiff's* burden to prove the prima facie case. The Court finds that plaintiff has failed to show there was any causal connection, because she has not shown that either Mr. Marks or Ms. Henson even knew about her protected conduct. Accordingly, because plaintiff has failed to show that she suffered a materially adverse action or that her protected EEO activity was causally related to her performance review, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment on Count III - Plaintiff's Claim for Retaliation.

9

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment on Count III of Plaintiff's Complaint. Additionally, plaintiff is hereby directed to file a Supplemental Affidavit on or before **December 28, 2012,** addressing the questions raised by the Court above.

Date: <u>December 20, 2012</u>           **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri           Fernando J. Gaitan, Jr.
         Chief United States District Judge