UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LISA J. HALE., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case 11-CV-00591-W- FJG |
| | ) |
| THOMAS J. VILSACK, SECRETARY OF | ) |
| THE UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion in Limine (Doc. # 52) and plaintiff's Motion for Leave to File Suggestions in Opposition to Motion in Limine Out of Time (Doc. # 54).

Defendant moves the Court for entry of an order directing the plaintiff to refrain from presenting evidence and argument regarding the comparable qualifications (education and experience) of the candidates who were deemed best qualified for the position of IT Specialist GS-13. Defendant states that it is undisputed that plaintiff, Dianne Hord and a third candidate were all certified as the best qualified candidates. Defendant states that plaintiff has presented no evidence nor made any claim that there was any impropriety by the panel which selected the best qualified candidates. Defendant states that plaintiff apparently wishes to argue that she should have received the promotion based on her formal education and resume. If plaintiff had been denied certification as best qualified, defendant states that her resume would be relevant, but as she was selected as one of the best qualified candidates, it is not relevant.

Plaintiff states that the motion should be denied because a member of the interview panel, Ms. Mascarenas, stated in an affidavit that in making her decision, one of the factors that she considered was education. Additionally, plaintiff argues that the education and experience of the candidates is relevant to show that the defendant's reason given for selection of the Dianne Hord ( her performance during the interview) was simply a pretext for discrimination. Additionally, plaintiff states that the job announcement for the position states that "applicants will be evaluated on the extent to which their documented experience and/or education demonstrates possession of . . . knowledge, skills, and abilities (KSA's)." Plaintiff also states that the OPM regulations require that an agency select the "best-qualified person" from the list of the "well-qualified eligibles." Plaintiff states that the education and experience of the candidates will be relevant to the question of whether the "best qualified person" was chosen by the agency for the position.

The Court agrees and finds that the issue of education and experience is relevant to the issue of whether plaintiff can establish pretext. In Culpepper v. Dept. of Agric., No. 4:06CV00180JWC, 2010 WL 2757245 (E.D.Ark. July 7, 2010), aff'd 664 F.3d 252 (8th Cir.2011), the Court stated:

> [e]vidence that the selected candidate had more relevant experience than the plaintiff and scored considerably higher on the employer's evaluation scale demonstrates 'adequate and in fact, quite understandable, nondiscriminatory reasons' for a promotion decision. . . .Evidence of merely comparable qualifications between a plaintiff and the selected candidate is insufficient to raise an inference of discrimination; instead, the plaintiff must show that the selectee was *less* qualified.

Id. at *10 (internal citations and quotations omitted). Therefore, because the education and experience of the candidates is a relevant issue, the Court hereby **DENIES**

2

defendant' Motion in Limine (Doc. # 52). The Court **GRANTS** plaintiff's Motion for Leave to File Suggestions in Opposition to the Motion in Limine Out of Time (Doc.# 54).


Date:  March 7, 2013                         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                        Fernando J. Gaitan, Jr.
                                             Chief United States District Judge

3